UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAIRIUS D'WAYNE KINNIE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-CV-980 SRW |
| ELIZABETH ALLEN, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of an amended complaint by self-represented Plaintiff Dairius D'wayne Kinnie, a pretrial detainee at the St. Louis County Justice Center ("SLCJC"). For the reasons discussed below, the Court will issue service on Plaintiff's individual capacity claims against defendants Scott Anders and Elizabeth Allen, and will dismiss the remaining claims against all defendants.

**Background**

Plaintiff filed this action on August 7, 2023 by submitting a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Elizabeth Allen (Health Services Administrator) and Scott Anders (Director). Both were alleged to be employees of the St. Louis County Department of Justice. ECF No. 1. Plaintiff did not specify whether he was suing Defendants in their official or individual capacities.

Plaintiff alleged Defendant Allen "failed to act when Plaintiff Kinnie reported his braces were stabbing holes in his mouth from the wires," causing him to have difficulties "maintain[ing] proper hygiene." *Id.* at 5. As to Defendant Anders, Plaintiff claimed he "fail[ed] to correct [her] conduct, and encourage[ed] the continuation of the conduct." *Id.* For relief, Plaintiff sought $75,000 in damages for physical injury, pain, and suffering. *Id.* at 6.

On August 14, 2023, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and determined it was subject to dismissal. ECF No. 6. Because Plaintiff did not specify what capacity he was suing Defendants, the Court interpreted the complaint as including only official capacity claims and explained that naming a government official in his or her official capacity was the equivalent of naming the employer. *Id.* at 4. St. Louis County Department of Justice could not be sued, however, because a department or subdivision of local government is not a suable entity under 42 U.S.C. § 1983. *Id.* The Court further noted that even if St. Louis County was substituted as the employer of Defendants Allen and Anders, the complaint did not properly allege municipal liability. *Id.* at 4-5.

In consideration of Plaintiff's self-represented status, the Court directed him to amend his complaint for the purpose of curing his pleading deficiencies and provided him with instructions on how to properly do so.

**Amended Complaint**

Plaintiff timely filed an amended complaint on a Court-provided Prisoner Civil Rights Complaint form. ECF No. 7. Plaintiff named three defendants: (1) Elizabeth Allen in her official and individual capacities; (2) Scott Anders in his official and individual capacities; and (3) the SLCJC Medical Department. *Id.* at 2-4.

Plaintiff indicates he was booked into SLCJC with braces on his teeth. *Id.* at 4. He states that due to his incarceration he was "unable to complete [his] orthodontic treatment, which completion would have been September, 2021." *Id.* After three months in SLCJC, plaintiff asserts he began to place sick calls with the medical department, complaining the brackets affixed to his teeth were causing pain, bleeding, irritation, and tooth decay. *Id.* Plaintiff claims the caps are "sinking into [his] gums[.]" *Id.* at 7.

Upon seeking medical assistance, Plaintiff alleges the SLCJC's Dental Department informed him they were not going to remove his braces because "they weren't the ones who put them on [his] teeth." *Id.* at 8. He also claims that certain unnamed nurses told him they were instructed to ignore his sick calls. *Id.*

On August 24, 2022, Plaintiff called his original orthodontist for advice. *Id.* He was allegedly told he "was no longer a part of their practice and [] was free to do whatever" in regard to his braces, including removal. *Id.* On the same day, Plaintiff sent a grievance to Defendant Anders to inform him of the conversation he had with his orthodontist and to complain about the lack of dental care he has received from the SLCJC. *Id.* at 8, 16. Defendant Allen responded, in writing, on August 29, 2022:

> After review of your medical chart, you had a visit on June 14, 2022 with the dentist and were told that you would need to see an Orthodontist when you are release[d] from our facility to get your braces removed. Orthodontics is not in the scope of dental care our Dentists are allowed to perform. The removal of braces is not in the scope of care for the Corrections Medical Department.

*Id.* at 17.

On September 7, 2022, Plaintiff sent a letter to Defendant Allen and SLCJC's Medical Department informing them that he re-contacted his original orthodontist and the provider was willing to remove his braces on October 4, 2022 at 1:30 p.m. *Id.* at 8, 18. Plaintiff requested permission to attend the appointment and filed an appeal to Defendant Allen's grievance response. *Id.* at 8, 20. On September 8, 2022, Defendant Allen wrote the following to Plaintiff:

> In response to your appeal grievance given to Director Anders. All medical appointments for outside consultation/procedures are ordered and arranged by the Medical Director. Providing transportation for the orthodontist appointment that you arranged to get your braces removed, unfortunately will not occur. The procedure to remove your braces will need to occur after you have discharged from the facility.

*Id.* at 21.

3

On January 14, 2023, Plaintiff attempted to reach out to Defendant Anders again by sending him a letter describing the lack of medical care he has received and requesting the removal of his braces. *Id.* at 5, 23-24. In this letter, Plaintiff refers to a conversation he had with defendant Anders about his dental issues during an inmate holiday event. *Id.* at 23. On March 1, 2023, defendant Allen responded, in pertinent part:

> In response to your grievance filed and [] forwarded to the Medical Department on 2/16/2023, the following has been determined and/or decided:
>
> We received your grievance and reviewed your medical records[.] Our dental department does not provide orthodontic work in this facility. We understand that this may be frustrating to you but our dentist[s] have not be[en] trained and removal of braces is outside the scope of work that they are allowed to do. You will need to wait until you are released from this facility to address this medical concern.

*Id.* at 25.

Plaintiff alleges all three Defendants were aware of his medical needs, knew his braces were causing him pain, bleeding, and irritation, but failed to act by providing him removal services or arranging transportation to his orthodontist. *Id.* at 5-7.

For relief, Plaintiff seeks the removal of his braces, compensatory damages in the amount of $75,000 from each defendant, and punitive damages in the amount of $75,000 from each defendant.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

**A.  Defendant St. Louis County Justice Center's Medical Department**

Plaintiff's claims against the SLCJC's Medical Department must be dismissed because they are legally frivolous. The Justice Center cannot legally be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18

Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). *See also Wilford v. St. Louis Cnty. Just. Ctr.*, No. 4:21-CV-1333 MTS, 2021 WL 5578533, at *2 (E.D. Mo. Nov. 30, 2021) (dismissing the SLCJC as a defendant because it is a non-suable entity); *Cody v. St. Louis Cnty. Just. Ctr.*, No. 4:16-CV-1632 JMB, 2016 WL 6947492, at *2 (E.D. Mo. Nov. 28, 2016) (same).

### B. Official Capacity Claims

Plaintiff names Defendants Anders and Allen in their official capacities. He asserts they are employees of the SLCJC. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). For the same reasons discussed above, the SLCJC is not a distinctly suable entity under 42 U.S.C. § 1983. *Ketchum*, 974 F.2d at 82. Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against the Defendants in their official capacities. *See Manning v. St. Louis Cnty. Dep't of Just. Servs.*, No. 4:18-CV-874-SNLJ, 2018 WL 4679811, at *3 (E.D. Mo. Sept. 28, 2018) (dismissing official capacity claims because the St. Louis County Department of Justice Services is not a suable entity).

Even if St. Louis County is substituted as the employer for Defendants Anders and Allen, Plaintiff has still failed to state a claim. Plaintiff does not allege that any of the violations resulted from a municipal policy or custom or the municipality's failure to train or supervise. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). In other words, plaintiff does not present any facts related to a particular St. Louis County policy which has caused him harm. There is also no assertion of a pattern of unconstitutional misconduct constituting a municipal custom. Finally, plaintiff alleges no facts establishing that St. Louis County had notice of any inadequate

6

training or supervision. At a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff has failed to do so in this instance. Therefore, Plaintiff fails to state a municipal liability claim against St. Louis County. For this reason, plaintiff's official capacity claims against both Defendants fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### C. Individual Capacity Claims against Defendants Anders and Allen

Plaintiff contends Defendants failed to properly treat the pain and bleeding his braces were causing while he was incarcerated at SLCJC. A pretrial detainee has a constitutional right to adequate medical care while in custody. *See West v. Atkins*, 487 U.S. 42, 55 (1988). Because Plaintiff is a pretrial detainee his "right to medical care arises under the Due Process Clause of the Fourteenth Amendment." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (citing *Vaughn v. Greene Cnty.*, 438 F.3d 845, 850 (8th Cir. 2006)). Although Plaintiff's claim is rooted in the Fourteenth Amendment, a pretrial detainee is "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." *Kitchen v. Miller*, 343 F. Supp. 2d 820, 823 (E.D. Mo. 2004) (quoting *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004)). Therefore, the Court applies the deliberate indifference standard for an Eighth Amendment violation to Plaintiff's medical claim. *Id.*

"The Eighth Amendment's prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support such a claim. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008) (quoting *Pietrafeso v. Lawrence Cnty. S.D.*, 452 F.3d 987, 983 (8th

7

Cir. 2006)). Instead, a plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). "A serious medical need is one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Coleman*, 114 F.3d at 784). A prisoner may show deliberate indifference through an intentional delay in or denial of access to medical care. *Estelle*, 429 U.S. at 104-05. *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim." (quotations omitted)).

Here, Plaintiff wrote grievances directly to defendant Anders and, on at least one occasion, spoke to defendant Anders in person about his mouth pain, bleeding, irritation, and tooth decay. Defendant Allen formally responded to Plaintiff's written grievances. Thus, both Defendants were on notice of Plaintiff's dental condition and the alleged lack of treatment. Further, Defendants were on notice, via the grievances, that Plaintiff was scheduled to get his braces removed in 2021, but was unable to do so as a result of his incarceration. Plaintiff informed Defendants that his orthodontist would be willing to remove the hardware for him, but Defendant Anders and Allen denied the request. According to Plaintiff, he has been experiencing a lack of orthodontic treatment for at least three years, which is causing the caps of his braces to "sink" into his gums. A delay in treating a serious medical need can constitute deliberate indifference. *See, e.g.*, *Dadd v. Anoka Cty.*, 827 F.3d 749, 755 (8th Cir. 2016) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature.").

8

At this initial review stage of litigation, the Court must accept these allegations as true, and make all reasonable inferences in Plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dept.*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on defendants Scott Anders and Elizabeth Allen, in their individual capacities, regarding Plaintiff's medical deliberate indifference claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against the St. Louis County Justice Center Medical Department are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against defendants Scott Anders and Elizabeth Allen are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendants Scott Anders and Elizabeth Allen, in their individual capacities, regarding Plaintiff's medical deliberate indifference claims.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant St. Louis County Justice Center Medical Department because, as to this defendant, the complaint is legally frivolous.

Dated this 14th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE