# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DAIRIUS D'WAYNE KINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-980 SRW |
| | ) | |
| ELIZABETH ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second motion for appointment of counsel. ECF No. 12. The motion will be denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that Plaintiff's second motion for appointment of counsel is unwarranted at this time. On September 14, 2023, the Court reviewed

Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e), and directed the Clerk to issue process or cause process to issue upon defendants Scott Anders and Elizabeth Allen, in their individual capacities, as to Plaintiff's medical deliberate indifference claims. ECF No. 8. Although summons has been issued, *see* ECF Nos. 10 and 11, Defendants have yet to be served.

Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court and respond to deadlines. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny Plaintiff's second motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second motion for appointment of counsel [ECF No. 12] is **DENIED** without prejudice.

Dated this 19th day of September, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE