UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAIRIUS D'WAYNE KINNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-CV-980 SRW |
| ) | |
| ELIZABETH ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Dairius D'wayne Kinnie's "Motion to Reconsider Official Capacity Claims Against Scott Anders and Elizabeth Allen," ECF No. 28, and Motion for Summary Judgment, ECF No. 29. For the reasons discussed below, these motions will be denied. Plaintiff must file a response to the pending Motion to Dismiss, ECF No. 25, no later than thirty (30) days from the date of this Memorandum and Order.

**Background**

Plaintiff filed this action on August 7, 2023 by submitting a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against two employees of the St. Louis County Department of Justice: Elizabeth Allen (Health Services Administrator) and Scott Anders (Director). ECF No. 1. Plaintiff did not specify whether he was suing Defendants in their official or individual capacities. Plaintiff alleged Defendants were deliberately indifferent to his dental needs, claiming his braces were stabbing holes in his mouth. *Id.* at 5.

The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and determined it was subject to dismissal. ECF No. 6. Because Plaintiff did not specify what capacity he was suing Defendants, the Court interpreted the complaint as including only official capacity claims and explained that naming a government official in his or her official capacity

was the equivalent of naming the employer. *Id.* at 4. The St. Louis County Department of Justice could not be sued, however, because a department or subdivision of local government is not a suable entity under 42 U.S.C. § 1983. *Id.* The Court further noted that even if St. Louis County was substituted as the employer of Defendants Allen and Anders, the complaint did not properly allege municipal liability. *Id.* at 4-5. In consideration of Plaintiff's self-represented status, the Court allowed him time to amend his complaint for the purpose of curing his pleading deficiencies.

On August 24, 2023, Plaintiff filed an amended complaint naming three defendants: (1) Elizabeth Allen in her official and individual capacities; (2) Scott Anders in his official and individual capacities; and (3) the St. Louis County Justice Center ("SLCJC") Medical Department. ECF No. 7. Plaintiff indicated he was booked into SLCJC with braces on his teeth but because of his incarceration he was unable to get his braces removed, which should have been done in September of 2021. *Id.* at 4. After three months in SLCJC, Plaintiff placed sick calls with the medical department, complaining the brackets affixed to his teeth were causing pain, bleeding, irritation, and tooth decay. *Id.* Plaintiff claimed the caps were "sinking into [his] gums[.]" *Id.* at 7.

Plaintiff alleged the SLCJC's Dental Department informed him they were not going to remove his braces because "they weren't the ones who put them on [his] teeth." *Id.* at 8. On August 24, 2022, Plaintiff sent a grievance to Defendant Anders to complain about the lack of dental care. *Id.* at 8, 16. Defendant Allen responded, in writing, on August 29, 2022:

> After review of your medical chart, you had a visit on June 14, 2022 with the dentist and were told that you would need to see an Orthodontist when you are release[d] from our facility to get your braces removed. Orthodontics is not in the scope of dental care our Dentists are allowed to perform. The removal of braces is not in the scope of care for the Corrections Medical Department.

*Id.* at 17.

On September 7, 2022, Plaintiff sent a letter to Defendant Allen and SLCJC's Medical Department informing them that he re-contacted his original orthodontist, and the provider was willing to remove his braces on October 4, 2022 at 1:30 p.m. *Id.* at 8, 18. Plaintiff requested permission to attend the appointment and filed an appeal to Defendant Allen's grievance response. *Id.* at 8, 20. On September 8, 2022, Defendant Allen wrote the following to Plaintiff:

> In response to your appeal grievance given to Director Anders. All medical appointments for outside consultation/procedures are ordered and arranged by the Medical Director. Providing transportation for the orthodontist appointment that you arranged to get your braces removed, unfortunately will not occur. The procedure to remove your braces will need to occur after you have discharged from the facility.

*Id.* at 21.

On January 14, 2023, Plaintiff attempted to reach out to Defendant Anders again by sending him a letter describing the lack of medical care he has received and requesting the removal of his braces. *Id.* at 5, 23-24. In this letter, Plaintiff referred to a conversation he had with defendant Anders about his dental issues during an inmate holiday event. *Id.* at 23. On March 1, 2023, Defendant Allen responded, in pertinent part:

> In response to your grievance filed and [] forwarded to the Medical Department on 2/16/2023, the following has been determined and/or decided:
>
> We received your grievance and reviewed your medical records[.] Our dental department does not provide orthodontic work in this facility. We understand that this may be frustrating to you but our dentist[s] have not be[en] trained and removal of braces is outside the scope of work that they are allowed to do. You will need to wait until you are released from this facility to address this medical concern.

*Id.* at 25.

Plaintiff alleged the Defendants were aware of his medical needs, knew his braces were causing him pain, bleeding, and irritation, but failed to act by providing him removal services or arranging transportation to his orthodontist. *Id.* at 5-7.

3

On September 14, 2023, the Court reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) and issued a partial dismissal. ECF Nos. 8, 9. First, the Court dismissed Plaintiff's claims against Defendant St. Louis County Justice Center's Medical Department as legally frivolous. ECF No. 8 at 5-6. The Court explained that a department or subdivision of local government, such as a county jail, is not a suable entity. *Id.* Second, the Court dismissed Plaintiff's claims against Defendants Anders and Allen, employees of the SLCJC, in their official capacities. *Id.* at 6-7. The Court explained that an official capacity claim against an individual is actually a claim against the governmental entity itself. *Id.* at 6. Because SLCJC was not a distinctly suable entity under 42 U.S.C. § 1983, the official capacity claims required dismissal. *Id.* The Court also noted that even if St. Louis County was substituted as the employer for Defendants Anders and Allen, Plaintiff still failed to state a claim because he did not allege that any of the violations resulted from a municipal policy or custom or the municipality's failure to train or supervise. *Id.* at 6-7. Lastly, the Court reviewed Plaintiff's claims against Defendant Anders and Allen in their individual capacities and found that, at this stage of the litigation, it was proper for his deliberate indifference claims to move forward. As such, the Court directed the Clerk of Court to issue process on Defendants Anders and Allen. *Id.* at 7-9.

According to the docket sheet in this matter, summons has been delivered to the United States Marshal's Service as to Defendant Allen, but she has yet to be served. ECF No. 22. Defendant Anders has been served and he filed a Motion to Dismiss as a responsive pleading. ECF Nos. 25, 26. Plaintiff has not filed a response to the pending Motion to Dismiss.

**Motion to Reconsider Plaintiff's Official Capacity Claims against Defendants**

On October 25, 2023, the Court received a three-page "Motion to Reconsider Official Capacity Claims Against Scott Anders and Elizabeth Allen." ECF No. 28. Plaintiff asks the Court to reconsider its review of his amended complaint in which his official capacity claims

4

were dismissed. Plaintiff argues that the "custom they practice in the facility [is] denying inmates completely [sic] medical assistance if needed with braces." *Id.* at 2. Plaintiff claims it is "a pattern and policy Allen and Anders follow in the SLCJC." *Id.* at 3.

Federal Rule of Civil Procedure 59(e) permits an aggrieved party to file a motion to alter or amend a judgment. Although the language of the rule is broad, it is well-settled that "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Williams v. Decker*, 767 F.3d 734, 741 n.2 (8th Cir. 2014) (quotation omitted).

After reviewing the arguments raised by Plaintiff, the Court will decline to alter or amend the judgment of this Court. Plaintiff's motion does not demonstrate any manifest error of law in the Court's dismissal of his official capacity claims, or any newly discovered evidence. As explained in the September 14, 2023 Memorandum and Order, Plaintiff's official capacity claims must be dismissed because a lawsuit against government officials in their official capacities is actually a suit against their employer. Plaintiff alleges Defendants are employed by St. Louis County's Justice Center; however, a jail is not a suable entity. Even if St. Louis County was substituted as the employer for Defendants Allen and Anders, Plaintiff did not allege that any of the violations resulted from a policy or custom adopted and promulgated by *St. Louis County* or a failure to train or supervise by the County's governing body. St. Louis County is not mentioned anywhere at all in the amended complaint or in the instant motion to reconsider. To state a § 1983 claim against St. Louis County, Plaintiff must allege that the County was a "moving force"

behind the alleged deprivations of his constitutional rights. *See Graham*, 473 U.S. 159, 166 (1985) (citing *Polk Cty. v. Dodson*, 454 U.S. 312 (1981)) ("a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation").

Although Plaintiff argues in the motion for reconsideration that SLCJC has an unconstitutional custom or policy, the amended complaint is devoid of any such allegation against the SLCJC or St. Louis County. Rule 59(e) motions are not appropriate for parties to tender new legal arguments.

Plaintiff is therefore not entitled to reconsideration of this Court's Order of Partial Dismissal in this matter, and his motion will be denied.

## Motion for Summary Judgment

Plaintiff also filed a five-page motion for summary judgment. ECF No. 29. Pursuant to Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *See generally Van Wyhe v. Reisch*, 581 F.3d 639, 648 (8th Cir. 2009); *Mason v. Correction Medical Services, Inc.*, 559 F.3d 880, 884-85 (8th Cir. 2009). Pursuant to Fed. R. Civ. P. 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The language in Rule 56(d) "provide[s] an additional safeguard against an improvident or premature grant of summary judgment[.]" *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (internal quotation omitted). "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*,

6

439 F.3d 465, 467 (8th Cir. 2006) (citing *Pony Comput., Inc. v. Equus Comput. Sys. of Mo., Inc.*, 162 F.3d 991, 996 (8th Cir. 1996)).

The Court finds there has been insufficient time for discovery and denial of Plaintiff's Motion for Summary Judgment is necessary to safeguard against an improvident or premature grant of summary judgment. Notably, Plaintiff has filed the instant motion prior to the issuance of a Case Management Order and before one of the two defendants has filed a responsive pleading. Because of the early stage of this litigation, none of the parties have had the opportunity to conduct any discovery, and it would be inappropriate to do so at this time. As a result, Plaintiff's Motion for Summary Judgment will be denied without prejudice as premature. Plaintiff may renew his motion at a later date if he deems appropriate.

Furthermore, Defendant Anders has filed a Motion to Dismiss, ECF No. 25, which remains pending. Plaintiff has yet to file a response. Consequently, Plaintiff is directed to file a response to Defendant Anders' Motion to Dismiss no later than thirty (30) days from the date of this Order. The response should be no longer than fifteen (15) pages in length and may *not* consist of any attachments or exhibits. Matters outside of the complaint may not be considered when reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Rather, when considering a Defendant's motion to dismiss, this Court liberally construes the complaint in favor of the plaintiff, accepting material allegations of fact in the complaint as true, unless those allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic*, 550 U.S. at 570).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the September 14, 2023 Memorandum and Order and Order of Partial Dismissal [ECF No. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [ECF No. 29] is **DENIED** without prejudice as **premature**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant Anders' Motion to Dismiss no later than **thirty (30) days** from the date of this Memorandum and Order.

**IT IS FINALLY ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

Dated this 27th day of October, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE