UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAIRIUS D'WAYNE KINNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-980-SRW |
| ) | |
| ELIZABETH ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by self-represented Plaintiff Dairius D'Wayne Kinnie: (1) "Declaration for Entry of Default" against Defendant Scott Anders for failure to file an answer to his complaint, ECF No. 39; (2) Motion for Appointment of Counsel, ECF No. 36; and (3) Motion for Extension of Time to Serve Defendant Allen, ECF No. 41. For the following reasons, Plaintiff's motions will be denied.

**Motion for a Clerk's Entry of Default against Defendant Scott Anders**

A defendant is required to serve an answer within twenty-one (21) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). A default judgment will be entered where a party fails to file a required responsive pleading or otherwise defend. Fed. R. Civ. P. 55(a). Here, Defendant Anders was served with the summons and amended complaint on September 26, 2023. ECF No. 19. An answer or other responsive pleading was due no later than October 17, 2023. Counsel for Defendant Anders entered his appearance and filed a timely motion to dismiss in response to the amended complaint on October 17, 2023. ECF Nos. 25, 26. A motion to dismiss is a responsive pleading. *See* Fed. R. Civ. P. 12(b) (stating that a party may assert a 12(b)(6) defense as its responsive pleading to a plaintiff's complaint). *See also Campbell v. Baylard, Billington, Dempsey & Jensen, P.C.*, 2018 WL 10435200, at *1 (E.D. Mo. Feb. 26, 2018)

(court denied plaintiff's motion for entry of default judgment because defendant filed a timely motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

On December 6, 2023, counsel for Defendant Anders sent a notice to the Court indicating he inadvertently failed to mail paper copies of his Motion to Dismiss to Plaintiff. ECF No. 34. Upon realizing this error, paper copies were mailed to Plaintiff on the same day. *See* ECF No. 34-1 (amended certificate of service). On December 7, 2023, the Court issued an Order extending the time for Plaintiff to file a response to the Motion to Dismiss. ECF No. 35. On December 15, 2023, the Court received correspondence from Plaintiff that he had yet to receive the responsive documents. ECF Nos. 37, 38. On December 18, 2023, the Court received correspondence from Plaintiff that he did finally receive a copy of the Motion to Dismiss and Memorandum in Support. ECF No. 40. Plaintiff also filed his response to the Motion to Dismiss. ECF No. 42. Because Defendant Anders timely filed his responsive pleading with the Court and expeditiously remedied his error in not sending a copy to Plaintiff, the Court will deny Plaintiff's request for a Clerk's Entry of Default.

## Motion for Appointment of Counsel

Plaintiff has also filed a third motion for appointment of counsel. ECF No. 36. This request will be denied for the same reasons as the previous denial by Memorandum and Order dated September 19, 2023. *See* ECF No. 13. One of the two defendants, Elizabeth Allen, has still yet to be served with the amended complaint. There is a pending deadline of Friday, January 5, 2024, for Plaintiff to provide the Court with an address, in writing, at which service can be effectuated. *See* ECF No. 35. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court and respond to deadlines. Additionally, neither the factual nor the legal issues in this

case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

### Motion for an Extension of Time to Serve Defendant Allen

Plaintiff requests this Court to "reissue summons and services for Defendant Allen," "extend time for service upon finding Defendant Allen," and for the "Court to review any other address for Elizabeth Allen." ECF No. 41. Plaintiff's requests will be denied.

The Court will decline to reissue summons on the complaint at this time because Defendant Allen cannot be served at the address provided in the complaint as she is no longer an employee of St. Louis County, and she was unable to be served at the residential address provided to the Court by counsel for Defendant Anders.[1] On December 7, 2023, this Court directed Plaintiff to provide an address, in writing, at which service can be effectuated on Defendant Allen. Plaintiff was given until Friday, January 5, 2023. Plaintiff's motion does not provide good cause for a longer extension of time.

While a litigant proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service, *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013), it is a plaintiff's responsibility to provide the information necessary for service on the defendant or defendants. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). *See also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information"). Incarcerated plaintiffs bringing civil rights actions under 42 U.S.C.

---

[1] On September 28, 2023, the Court ordered counsel for St. Louis County to provide the last known residential address for defendant Elizabeth Allen as she was no longer an employee of the County. ECF No. 17. The County complied and, on October 2, 2023, the Court directed the Clerk to effectuate service of process through the United States Marshals Office, using the address provided. ECF No. 21.

§ 1983 are consistently and uniformly tasked with providing service addresses for defendants without the assistance of counsel, and it is not the Court's responsibility to provide service information for a litigant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dairius D'Wayne Kinnie's "Declaration for Entry of Default" against Defendant Scott Anders [ECF No. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's third Motion for Appointment of Counsel [ECF No. 36] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to Serve Defendant Elizabeth Allen [ECF No. 41] is **DENIED**. No later than **Friday, January 5, 2024**, Plaintiff shall provide the Court with an address, in writing, at which service can be effectuated on Defendant Elizabeth Allen. Plaintiff's failure to timely respond to this Order shall result in the dismissal of Defendant Elizabeth from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 19th day of December, 2023.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE