**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAIRIUS D'WAYNE KINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CV-980 SRW |
| | ) | |
| ELIZABETH ALLEN and | ) | |
| SCOTT ANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Scott Anders's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. Self-represented Plaintiff Dairius D'wayne Kinnie filed a response, ECF No. 42, and a supplement to his response, ECF No. 44. Defendant Scott Anders filed a Reply. ECF No. 45. For the reasons discussed below, the Motion to Dismiss will be denied and the Court will issue a Case Management Order by separate order. As such, Defendant Scott Anders must file an answer to Plaintiff's amended complaint in the time allowed by the Federal Rules. Additionally, the Court will dismiss Defendant Elizabeth Allen from this action as Plaintiff has failed to serve this defendant within 90 days of the filing of the complaint.

## The Complaint

Plaintiff, a pretrial detainee, initiated this action on August 7, 2023 by submitting a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against two employees of the St. Louis County Justice Center ("SLCJC"): Elizabeth Allen (Health Services Administrator) and Scott Anders (Director). ECF No. 1. Plaintiff did not specify whether he was suing Defendants in their official or individual capacities. He alleged Defendant Allen failed to act when he reported his braces were stabbing holes in his mouth from the wires and causing him to have difficulties

maintaining proper hygiene. *Id.* at 5. As to Defendant Anders, Plaintiff claimed he failed to correct and encouraged her conduct. *Id.* For relief, Plaintiff sought $75,000 in damages for physical injury, pain, and suffering. *Id.* at 6.

On August 14, 2023, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and determined it was subject to dismissal. ECF No. 6. Because Plaintiff did not specify what capacity he was suing Defendants, the Court interpreted the complaint as including only official capacity claims and explained that naming a government official in his or her official capacity was the equivalent of naming the employer. *Id.* at 4. The SLCJC could not be sued, however, because a department or subdivision of local government is not a suable entity under 42 U.S.C. § 1983. *Id.* The Court further noted that even if St. Louis County was substituted as the employer of Defendants Allen and Anders, the complaint did not properly allege municipal liability. *Id.* at 4-5. In consideration of Plaintiff's self-represented status, the Court allowed him to amend his complaint for the purpose of curing his pleading deficiencies.

**The Amended Complaint**

Plaintiff timely filed his amended complaint on a Court-provided Prisoner Civil Rights Complaint form. ECF No. 7. He named three defendants: (1) Elizabeth Allen in her official and individual capacities; (2) Scott Anders in his official and individual capacities; and (3) the St. Louis SLCJC Medical Department. *Id.* at 2-4.

Plaintiff indicated he was booked into SLCJC with braces on his teeth and was prevented from removing them in September of 2021, which was supposed to be his treatment completion date. *Id.* at 4. After three months in SLCJC, plaintiff placed sick calls with the medical department complaining the brackets affixed to his teeth were sinking into his gums causing pain, bleeding, irritation, and tooth decay. *Id.* at 4, 7. Plaintiff alleges the SLCJC's Dental Department informed him they were not going to remove his braces because "they weren't the ones who put them on

- 2 -

[his] teeth." *Id.* at 8. He also claims that certain unnamed nurses told him they were instructed to ignore his sick calls. *Id.*

On August 24, 2022, Plaintiff called his orthodontist for advice. *Id.* He was allegedly told he "was no longer a part of their practice and [] was free to do whatever" in regard to his braces, including removal. *Id.* On the same day, Plaintiff sent a grievance to Defendant Anders to inform him of the conversation he had with his orthodontist and to complain about the lack of dental care received from the SLCJC. *Id.* at 8. Plaintiff attaches a copy of this grievance to his amended complaint. *Id.* at 16. Although the grievance was directed to Defendant Anders, Defendant Allen responded, in writing, on August 29, 2022:

> After review of your medical chart, you had a visit on June 14, 2022 with the dentist and were told that you would need to see an Orthodontist when you are release[d] from our facility to get your braces removed. Orthodontics is not in the scope of dental care our Dentists are allowed to perform. The removal of braces is not in the scope of care for the Corrections Medical Department.

*Id.* at 17.

On September 7, 2022, Plaintiff sent a letter to Defendant Allen and SLCJC's Medical Department informing them that he re-contacted his original orthodontist and the provider was willing to remove his braces on October 4, 2022 at 1:30 p.m. *Id.* at 8, 18. Plaintiff requested permission to attend the appointment and filed an appeal to Defendant Allen's grievance response directly with Defendant Anders. *Id.* at 8, 20. On September 8, 2022, Defendant Allen wrote the following to Plaintiff:

> In response to your appeal grievance given to Director Anders. All medical appointments for outside consultation/procedures are ordered and arranged by the Medical Director. Providing transportation for the orthodontist appointment that you arranged to get your braces removed, unfortunately will not occur. The procedure to remove your braces will need to occur after you have discharged from the facility.

*Id.* at 21.

On January 14, 2023, Plaintiff attempted to reach out to Defendant Anders again by sending him a letter describing the lack of medical care he received and requesting the removal of his braces. *Id.* at 5, 23-24. In this letter, Plaintiff refers to an alleged conversation he had with Defendant Anders about his dental issues during an inmate holiday event. *Id.* at 23. On March 1, 2023, defendant Allen responded, in pertinent part:

> In response to your grievance filed and [] forwarded to the Medical Department on 2/16/2023, the following has been determined and/or decided:

> We received your grievance and reviewed your medical records[.] Our dental department does not provide orthodontic work in this facility. We understand that this may be frustrating to you but our dentist[s] have not be[en] trained and removal of braces is outside the scope of work that they are allowed to do. You will need to wait until you are released from this facility to address this medical concern.

*Id.* at 25.

Plaintiff alleges Defendants Allen and Anders were aware of his medical needs, knew his braces were causing him pain, bleeding, and irritation, but failed to act by providing him removal services or arranging transportation to his orthodontist. *Id.* at 5-7.

On September 14, 2023, the Court reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) and issued a partial dismissal. ECF No. 8. The Court dismissed Plaintiff's claims against the SLCJC Medical Department as legally frivolous because departments or subdivisions of local government are not legal entities amendable to suit under § 1983. *Id.* at 5-6. The Court also dismissed Plaintiff's official capacity claims against Anders and Allen because the amended complaint was devoid of any municipal liability allegations.[1] *Id.* at 6-7. The Court found, however, that Plaintiff's medical deliberate indifference claims against Defendants Anders and Allen in their individual capacities did survive initial review. The Court explained in pertinent part:

---

[1] Plaintiff filed a Motion for Reconsideration as to the dismissal of the official capacity claims. ECF No. 28. The Court denied his Motion because it did not demonstrate any manifest error of law or newly discovered evidence. ECF No. 30.

Here, Plaintiff wrote grievances directly to defendant Anders and, on at least one occasion, spoke to defendant Anders in person about his mouth pain, bleeding, irritation, and tooth decay. Defendant Allen formally responded to Plaintiff's written grievances. Thus, both Defendants were on notice of Plaintiff's dental condition and the alleged lack of treatment. Further, Defendants were on notice, via the grievances, that Plaintiff was scheduled to get his braces removed in 2021, but was unable to do so as a result of his incarceration. Plaintiff informed Defendants that his orthodontist would be willing to remove the hardware for him, but Defendant Anders and Allen denied the request. According to Plaintiff, he has been experiencing a lack of orthodontic treatment for at least three years, which is causing the caps of his braces to "sink" into his gums. A delay in treating a serious medical need can constitute deliberate indifference. *See, e.g.*, *Dadd v. Anoka Cty.*, 827 F.3d 749, 755 (8th Cir. 2016) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature.").

*Id.* at 8. Consequently, the Court ordered the Clerk of Court to issue process or cause process to issue upon the amended complaint as to Defendants Anders and Allen.

### Service

Summons was returned executed upon Defendant Anders on September 26, 2023, ECF No. 19, and Defendant Anders filed a timely responsive pleading in the form of the instant Motion to Dismiss, ECF No. 33.

As to Defendant Allen, however, summons has not been properly executed. On September 27, 2023, St. Louis County filed a Motion to Quash Service on Defendant Allen. ECF Nos. 15, 16. The Motion explained that Defendant Allen was no longer an employee of the County and a "County employee mistakenly accepted service on behalf of Defendant Allen on September 26, 2023, not realizing that St. Louis County was not authorized to accept service on her behalf." ECF No. 16. The Court granted the County's Motion, but ordered it to submit the last known residential address and/or forwarding work address for Defendant Allen under seal and *ex parte*. ECF No. 17. The County complied, and the Court directed the Clerk of Court to effectuate service of process through the United States Marshal's Office, using the address provided. ECF No. 21.

On December 4, 2023, summons for Defendant Allen was returned unexecuted by the United States Marshals Office. ECF No. 33. The unexecuted summons indicated that three attempts were made to serve Defendant Allen without success. Consequently, the Court issued an Order directing Plaintiff to provide adequate information such that Defendant Allen could be served under Rule 4(m) of the Federal Rules of Civil Procedure. The Court explained to Plaintiff that although a litigant proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service, such plaintiffs are responsible for providing the information necessary for service upon each defendant. *Id.* at 2. Plaintiff was given until Friday, January 5, 2024 to provide the Court with an address, in writing, at which service could be effectuated on Defendant Allen.

On December 18, 2023, Plaintiff filed a Motion requesting the Court to "reissue summons and services for Defendant Allen," "extend time for service upon finding Defendant Allen," and for the "Court to review any other address for Elizabeth Allen." ECF No. 41. The Court denied the extension request because Plaintiff failed to provide good cause. The Court also denied Plaintiff's request to reissue summons because it was clear the addresses the Court had on file were incorrect. As to Plaintiff's request to "review any other address," the Court wrote: "Incarcerated plaintiffs bringing civil rights actions under 42 U.S.C § 1983 are consistently and uniformly tasked with providing service addresses for defendants without the assistance of counsel, and it is not the Court's responsibility to provide service information for a litigant." *Id.* at 3-4. Plaintiff was reminded he had until Friday, January 5, 2024 to provide the Court with an address at which service could be effectuated on Defendant Allen. To date, Plaintiff has not complied and the time for doing so has passed.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that

defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period.

Plaintiff has failed to serve defendant within 90 days of the filing of the complaint. Plaintiff has been given ample time to provide the Court with Defendant Allen's service information. As a result, the Court will dismiss Defendant Allen from this action without prejudice.

## Motion to Dismiss

On October 17, 2023, Defendant Anders filed the instant Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. Defendant argues he should be dismissed from this action because Plaintiff has not alleged sufficient facts to show he had any notice of the alleged medical condition and deprivation. Defendant Anders argues that although Plaintiff states he sent grievances to him, the attachments to the pleadings show it was Defendant Allen who actually responded. Thus, Defendant Anders contends that the amended complaint fails to show that he had proper notice to be deliberately indifferent, especially since he is not a medical professional.

## Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Discussion**

Defendant Anders argues Plaintiff has failed to state a claim of medical deliberate indifference against him because the amended complaint does not evidence that he was aware of Plaintiff's condition or requests for orthodontic treatment. The Court cannot agree and will deny the instant Motion to Dismiss.

Plaintiff was a pretrial detainee at the time of the incidents alleged in the amended complaint. Pretrial detainees' § 1983 claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Id.* "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotations and citation omitted). "An official who is deliberately indifferent to a prisoner's medical needs is subject to suit under § 1983." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009).

A claim of deliberate indifference involves both an objective and subjective analysis. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Id.* "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). The subjective component requires "a mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). This standard requires a showing "more than negligence, more even than gross negligence," *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008), but

less than "purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate," *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011). Deliberate indifference can include the intentional denial or delay of access to medical care. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Here, the Court finds that the amended complaint alleges a plausible objectively serious medical need. Plaintiff indicated that the brackets from his braces were "sinking into his gums" causing pain, bleeding, irritation, and tooth decay. ECF No. 7 at 4, 7. Such an allegation is sufficient to meet the objective portion of deliberate indifference, and Defendant's Motion to Dismiss does not argue otherwise.

As to the subjective component, attached to Plaintiff's amended complaint are three separate letters, or grievances, specifically written to Defendant Anders.[2] The first, labeled as "Exhibit A" and dated August 24, 2022, notifies Defendant Anders that his "dental needs have been neglected and ignored" despite his submission of "several other grievances." ECF No. 7 at 16. The second, labeled as "Exhibit E" and dated September 7, 2022, is an "appeal response" addressed to Defendant Anders requesting that he be permitted to see his orthodontist to have his braces removed. *Id.* at 20. The third, labeled as "Exhibit H" and dated January 13, 2023, in which he asks again for medical assistance because his braces, which were two years past the time for removal, were "constantly scraping gro[o]ves in his cheeks, causing pain and [his] teeth to bleed" and preventing him from having proper dental hygiene. *Id.* at 23-24. Notably, the January 2023 correspondence refers to an unspecified time around Christmas where Plaintiff spoke to Defendant

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) ("the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

Anders in-person about his dental issues. Although it is not clear what was said in this discussion, it was alleged that a conversation about his dental issues occurred.

Viewing the facts in the amended complaint in the light most favorable to Plaintiff, the Court finds he has alleged sufficient factual matter, accepted as true, to state a facially plausible medical deliberate indifference claim against Defendant Anders. All that is required is for plaintiff to set forth plausible facts that he is entitled to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff attaches three letters to his amended complaint that he specifically addressed to Defendant Anders, the Director of SLCJC. Plaintiff alleges he spoke to Defendant Anders in person about his dental issues on at least one occasion, and that Anders was aware that his braces should have been removed in 2021, approximately two years before the instant action was filed. Significantly, Defendant Allen explicitly writes in her September 8, 2022 letter to Plaintiff that his appeal grievance was given to Defendant Anders:

> *In response to your appeal grievance given to Director Anders.* All medical appointments for outside consultation/procedures are ordered and arranged by the Medical Director. Providing transportation for the orthodontist appointment that you arranged to get your braces removed, unfortunately will not occur. The procedure to remove your braces will need to occur after you have discharged from the facility.

*Id.* at 21 (emphasis added). Therefore, it cannot be argued that Defendant Anders was completely unaware of Plaintiff's medical situation.

Plaintiff need not show or prove a deliberate indifference violation with the facts pled; rather, plaintiff need only allege sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has met this standard here. Indeed, the constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once

prescribed." *Dadd v. Anoka Cty.*, 827 F.3d 749, 756 (8th Cir. 2016) (*quoting Estelle*, 429 U.S. at 104-05). Notably, the Eighth Circuit Court of Appeals recently remanded an action back to this Court, finding that a pretrial detainee plausibly alleged a Jail Administrator was on notice about a mold issue because the inmate wrote a grievance directly to the official. *Lemmons v. Chambers*, No. 23-2318, 2023 WL 5164011, at *1 (8th Cir. Aug. 11, 2023).

Consequently, the Court will decline to dismiss this action against Defendant Anders at this state of the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Elizabeth Allen is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendant Scott Anders's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Dairius D'wayne Kinnie v. Scott Anders, No. 4:23-CV-980 SRW.

A Case Management Order will be entered separately.

Dated this 9th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE