UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAIRIUS D'WAYNE KINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CV-980 SRW |
| | ) | |
| SCOTT ANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Dairius D'wayne Kinnie's "Motion to Reconsider Summary Judgement." ECF No. 50. For the reasons discussed below, the motion will be denied.

### Background

Plaintiff filed this action on August 7, 2023, by submitting a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against two employees of the St. Louis County Department of Justice: Elizabeth Allen (Health Services Administrator) and Scott Anders (Director). ECF No. 1. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e) and determined it was subject to dismissal because Plaintiff did not specify what capacity he was suing Defendants. ECF No. 6. In consideration of Plaintiff's self-represented status, the Court allowed him time to amend his complaint for the purpose of curing his pleading deficiencies.

On August 24, 2023, Plaintiff filed an amended complaint against Elizabeth Allen in her official and individual capacities, Scott Anders in his official and individual capacities, and the St. Louis County Justice Center ("SLCJC") Medical Department. ECF No. 7. Plaintiff indicated he was booked into SLCJC with braces on his teeth but because of his incarceration he was

unable to get his braces removed on the scheduled date. After three months in SLCJC, Plaintiff placed sick calls with the medical department complaining the braces or "caps" affixed to his teeth were sinking into his gums causing pain, bleeding, irritation, and tooth decay. Plaintiff sent grievances about the lack of dental care. Plaintiff alleged Defendants were aware of his medical needs, but failed to act by not providing him removal services or arranging transportation to his orthodontist.

On September 14, 2023, the Court reviewed Plaintiff's amended complaint pursuant to § 1915(e) and issued a partial dismissal. ECF Nos. 8, 9. The Court dismissed Plaintiff's claims against SLCJC's Medical Department as legally frivolous because a department or subdivision of local government is not a suable entity. The Court also dismissed Plaintiff's official capacity claims because he did not allege that any of the violations resulted from a municipal policy or custom or the municipality's failure to train or supervise. The Court did find, however, that Plaintiff's deliberate indifference claims against Defendants Anders and Allen in their individual capacities survived initial review. As such, the Court directed the Clerk of Court to issue process on Defendants Anders and Allen.

On October 17, 2023, Defendant Anders filed a motion to dismiss. ECF No. 25. On October 25, 2023, Plaintiff filed a motion seeking reconsideration of the Court's dismissal of his official capacity claims, ECF No. 28, and a motion for summary judgment, ECF No. 29. On October 27, 2023, the Court denied Plaintiff's request for reconsideration because his motion did not demonstrate any manifest error of law or newly discovered evidence. ECF No. 30. The Court also denied his motion for summary judgment as premature because the parties had yet to engage in discovery, Plaintiff had not yet responded to the pending motion to dismiss, and Defendant Allen had yet to be served. *Id.*

On January 9, 2024, the Court denied Defendant Anders's motion to dismiss. ECF No. 46. However, the Court did dismiss Defendant Allen from this action because Plaintiff had failed to serve her within 90 days of filing the complaint as required by Federal Rule of Civil Procedure 4(m).[1] *Id.* A Case Management Order was issued, which set the deadlines for the proper litigation of this matter. ECF No. 48. Among other dates set, the parties have until Tuesday, July 9, 2024, to engage in discovery. *Id.* at 2. *After discovery is complete*, the parties may file motions for summary judgment no later than Thursday, August 8, 2024. *Id.*

## Motion to Reconsider Summary Judgment

Plaintiff has filed a two-page "Motion to Reconsider Summary Judgement." ECF No. 50. He argues his request should be granted because this matter "has survived a motion to dismiss" and "the legal issues in this case aren't complex and a determination for relief can be granted by the Court." *Id.* at 1.

Pursuant to Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *See generally Van Wyhe v. Reisch*, 581 F.3d 639, 648 (8th Cir. 2009); *Mason v. Correction Medical Services, Inc.*, 559 F.3d 880, 884-85 (8th Cir. 2009). Pursuant to Fed. R. Civ. P. 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The language in Rule 56(d) "provide[s] an additional safeguard against an improvident or premature grant of summary judgment[.]" *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (internal quotation

---

[1] The Court notes that prior to the dismissal of Defendant Allen from this action, the Court directed Plaintiff to provide a valid address so that she could be properly served, but Plaintiff failed to do so. *See* ECF Nos. 35, 43.

3

omitted). "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (citing *Pony Computer, Inc. v. Equus Computer Sys. of MO., Inc.*, 162 F.3d 991, 996 (8th Cir. 1996)).

For the same reasons Plaintiff's motion for summary judgment was denied, the Court finds there has been insufficient time for discovery, and the denial of reconsideration is necessary to safeguard against an improvident or premature grant of summary judgment. The Court issued a Case Management Order allowing the parties until Tuesday, July 9, 2024 to engage in and complete discovery. Notably, the deadline for initial disclosures, Thursday, February 8, 2024, has not yet passed. Because of the early stage of this litigation, neither of the parties have had the opportunity to thoroughly engage in discovery. Consequently, the instant "Motion to Reconsider Summary Judgement" will be denied without prejudice. Plaintiff may renew his motion according to the deadlines set in the Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Reconsider Summary Judgement" [ECF No. 50] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Case Management Order, dated January 9, 2024, docketed as ECF No. 48.

**IT IS FINALLY ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

Dated this 24th day of January, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE